Argued February 11; petitioner reprimanded February 18, 1941

## In re JONES
(110 P. (2d) 246)

Before KELLY, Chief Justice, and RAND, ROSSMAN, BELT, BAILEY and LUSK, Associate Justices.

*Ancel C. Jones*, in pro. per.

*Leo Levenson*, of Portland, for Oregon State Bar.

PER CURIAM. Mr. Ancel C. Jones, an attorney admitted to practice in the courts of this state, was found guilty by the Board of Governors of the Oregon State Bar of unprofessional conduct in that—

"On or about the 26th day of December, 1939, and thereafter, the said Ancel C. Jones, being during said time under no obligation of blood, relationship or trust, did solicit professional employment of one H. B. Allen, and that said action was and is in violation of the statutes of the State of Oregon and

the rules of professional conduct of the Oregon State Bar.''

It appears from the record that on or about December 26, 1939, the defendant, Ancel C. Jones, addressed and mailed a postal card at Portland, Oregon, to Mr. Howard B. Allen, 7218 N. Portsmouth, City, containing the following message:

''Dear Sir:—

If you own the property at the address on the reverse side hereof please get in touch with me during the next day or two.

> Respectfully yours
> Ancel Jones
> Atty-at-Law.''

Pursuant to this message, Mr. Allen telephoned to Mr. Jones and Mr. Jones advised him of the record of a judgment constituting a lien upon Mr. Allen's real estate in Multnomah county; and told him that he, Mr. Allen, should file a claim of exemption as a homestead with respect to the real property where Mr. Allen and his wife were living. Mr. Allen did not employ Mr. Jones, but upon being advised that it would cost $7.50 to prepare and file such a claim of exemption, Mr. Allen informed Mr. Jones that he was unable to pay such an amount, and later applied to the Legal Aid Society for advice.

The Oregon State Bar recommended that Mr. Jones be publicly reprimanded by this court.

Mr. Jones asked that the action of the Oregon State Bar, through its Board of Governors, be reviewed by this court.

In his oral argument, Mr. Jones stated that on some five or six different occasions, he had notified

friends of judgments which affected their property; and, that in all, perhaps, he had received approximately forty dollars compensation as a result of such a course.

The charge upon which he stands convicted by the Board of Governors is trivial as to the amount involved and negative as to the result attained. It does, however, embrace a course of action of which this court disapproves; and, for which we now hereby give expression to the reprimand recommended by the Board of Governors of the Oregon State Bar.